O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#18

CIVIL MINUTES - GENERAL

| Case No. | CV 11-0471 PSG (FFMx) | Date | August 23, 2011 |
|---|---|---|---|
| Title | Marvin Eugene Jones v. Terry Matsumoto, *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers) Order GRANTING Defendants' motion to dismiss the First Amended Complaint**

Pending before the Court is Defendants Terry Matsumoto and Chip Hazen's motion to dismiss Plaintiff's First Amended Complaint ("FAC"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to Defendants' motion, the Court GRANTS the motion.

I.   Background

In this action, *pro se* plaintiff Marvin Jones ("Plaintiff") brings claims under 42 U.S.C. § 1983 against defendants Terry Matsumoto and Chip Hazen (together, "Defendants"), both Los Angeles County employees.[1] Plaintiff, who is blind in one eye, alleges that he was denied "good, quality, equal, and meaningful services" while riding a Los Angeles County Metropolitan Authority ("LACTMA") bus. *FAC* ¶¶ 13, 16. Specifically, the First Amended Complaint ("FAC") asserts that on April 9, 2010, Plaintiff boarded a LACTMA bus using his Transit Access Pass for disabled persons. *FAC* ¶ 7. According to the pleading, a woman and her two toddler children subsequently boarded the bus, and a dispute arose between the woman and the

---

[1] Defendant Matsumoto is allegedly the Chief Financial Services Officer of Los Angeles County Metropolitan Transportation Agency. *See FAC.* Defendant Hazen is allegedly the ADA Compliance Officer of Los Angeles County Metropolitan Transportation Agency. *Id.* Plaintiff also names as a "John Doe" defendant the individual believed to have been driving the bus at the time of the incident alleged in the Complaint. *See FAC* ¶ 6.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#18

CIVIL MINUTES - GENERAL

| Case No. | CV 11-0471 PSG (FFMx) | Date | August 23, 2011 |
|---|---|---|---|
| Title | Marvin Eugene Jones v. Terry Matsumoto, *et al.* | | |

bus driver regarding whether her children were eligible for free fare. *FAC* ¶ 9. Plaintiff claims that he provided the woman with cash to cover the fare for her two children. *Id.*

The Complaint goes on to assert that, at the next bus stop, the bus driver summoned two police officers who ordered Plaintiff, the woman, and her two children off the bus. *FAC* ¶ 10. After questioning Plaintiff and the woman, the officers allegedly told them both to "just take another bus." *FAC* ¶ 11. Plaintiff alleges that he had to walk to the nearest metro station, Firestone, to take a train to his final destination. *FAC* ¶ 12. As a result of these events, Plaintiff claims to have "suffered discrimination and humiliation," "severe emotional distress" "unwanted dizzy spells, unnecessary respiratory complications," and other consequences. *FAC* ¶¶ 17, 21.

On March 25, 2011, Plaintiff filed a First Amended Complaint alleging six causes of action: (1) denial of his Fourteenth Amendment substantive due process rights under 42 U.S.C. § 1983; (2) denial of his Fourteenth Amendment equal protection rights under 42 U.S.C. § 1983; (3) denial of his Fourteenth Amendment procedural due process rights under 42 U.S.C. § 1983; (4) violation of American Disabilities Act ("ADA"); (5) negligence; and (6) intentional infliction of emotional distress ("IIED"). Defendants subsequently moved to dismiss Plaintiff's First Amended Complaint for failure to state claims upon which relief could be granted. *See* Dkt. # 17 (July 1, 2011).

II.     Legal Standard

Pursuant to Rule 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure require that the complaint merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

In deciding a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id.* at 1950. First, the Court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#18**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0471 PSG (FFMx) | Date | August 23, 2011 |
|---|---|---|---|
| Title | Marvin Eugene Jones v. Terry Matsumoto, *et al.* | | |

Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 129 S.Ct. at 1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.*

Where, as here, a plaintiff proceeds *pro se*, the Court has an obligation to construe the complaint liberally. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally including pro se motions as well as complaints."). Indeed, the Supreme Court has held that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal quotation marks and citations omitted). "Although a *pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint [can]not be cured by amendment," *O'Neal v. Price*, 531 F.3d 1146, 1149 (9th Cir. 2008) (citation omitted), dismissal of a *pro se* litigant's complaint with prejudice nonetheless may be warranted in some circumstances. *See id.* (internal citations omitted).

III.     Discussion

As noted above, Plaintiff asserts multiple claims under 42 U.S.C. § 1983, alleging that he was deprived of his constitutional rights to due process and equal protection under the Fourteenth Amendment. He also asserts a violation of the ADA, as well as state law causes of action for negligence and IIED. In moving to dismiss the First Amended Complaint, Defendants argue that Plaintiff fails to meet the pleading requirements set forth by the Federal Rules of Civil Procedure. The Court, for reasons explained below, agrees.

     A.     Section 1983 Claims (First, Second, and Third Causes of Action)

          1.     *Claims Against Individual Defendants*

Plaintiff's first, second, and third causes of actions are brought pursuant to 42 U.S.C. § 1983, for alleged violations of Plaintiff's substantive due process, equal protection, and procedural due process rights under the Fourteenth Amendment. Specifically, Plaintiff alleges that his rights to substantive due process and equal protection were violated when he was "put off the bus" without any reasonable or probable cause, and that his procedural due process right

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#18

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0471 PSG (FFMx) | Date | August 23, 2011 |
|---|---|---|---|
| Title | Marvin Eugene Jones v. Terry Matsumoto, *et al.* | | |

was violated when Defendants denied his claim for damages without a hearing. *FAC* ¶¶ 20, 24, 29. To state a cognizable Section 1983 claim, Plaintiff must adequately allege (1) "that [he] was deprived of a right secured by the Constitution or laws of the United States[;]" and (2) "that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999); *see also Azer v. Connell*, 306 F.3d 930, 935 (9th Cir. 2002). Here, as discussed below, the Court finds that Plaintiff's pleading fails to satisfy the first element and adequately allege a deprivation of a cognizable constitutional right.[2]

        a.     <u>Substantive Due Process Claim</u>

Plaintiff's first cause of action asserts that his substantive due process rights were violated when he was forced to leave the bus without a reasonable explanation. *FAC* ¶¶ 20, 24. "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." *Albright v. Oliver*, 510 U.S. 266, 272, 114 S.Ct. 807, 812 (1994). The Supreme Court has explained that the substantive component of the Due Process Clause is violated only when government conduct "can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *County of Sacramento v. Lewis*, 523 U.S. 833, 847, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998) (internal quotations and citations omitted). More specifically, a Fourteenth Amendment claim of this type is cognizable only if the alleged abuse of power "shocks the conscience" and "violates the decencies of civilized conduct." *Stoot v. City of Everett*, 582 F.3d 910, 928 (9th Cir. 2009) (quoting *Lewis,* 523 U.S. at 846).

Here, the facts alleged in the pleading simply do not support a plausible claim for violation of Plaintiff's substantive due process rights. The FAC asserts that, following an altercation between a female passenger and the bus driver in which Plaintiff intervened, the bus driver pulled over at the next stop and summoned the police for assistance. Neither the bus

---

[2] Accordingly, the Court need not address the second element of whether the alleged deprivation was committed under color of state law. The Court further recognizes that Defendants have also asserted a defense of qualified immunity. However, because Plaintiff has failed to articulate a cognizable constitutional violation, the Court need not reach the immunity question. *See Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *cf. Camreta v. Greene*, —U.S.—, 131 S.Ct. 2020, 2032 179 L.Ed.2d 1118 (2011) (noting the "Court of Appeals followed exactly [the] two-step process [of defining constitutional rights and only then conferring immunity] for exactly the reasons we have said may in select circumstances make it 'advantageous.'").

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#18

CIVIL MINUTES - GENERAL

| Case No. | CV 11-0471 PSG (FFMx) | Date | August 23, 2011 |
|---|---|---|---|
| Title | Marvin Eugene Jones v. Terry Matsumoto, *et al.* | | |

driver nor the police officers are alleged to have engaged in conduct that can be characterized as "arbitrary" or "conscience shocking." While Plaintiff may believe that the bus driver lacked reasonable cause for removing Plaintiff from the bus, this is simply not the type of "arbitrary" conduct that is protected under the Fourteenth Amendment. *See id.* at 846 (explaining that "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense'") (internal citations omitted). Further, at no point does Plaintiff allege that the bus driver, or anyone else, violated his bodily integrity or intended to injure Plaintiff in any way. *See County of Sacramento*, 523 U.S. at 849 ("[C]onduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level."). Accordingly, Plaintiff fails to state a claim for violation of his substantive due process rights. His first cause of action is thus DISMISSED with leave to amend.

    b.  Equal Protection Claim

  Plaintiff's second cause of action asserts a violation of his rights under the Equal Protection Clause of the Fourteenth Amendment, which mandates that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985). As the Supreme Court has explained, "a classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity." *Heller v Doe*, 509 U.S. 312, 319, 113 S. Ct. 2637, 125 L. Ed. 2d 257 (1993). In such instances, rather, no constitutional violation exists where "there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." *Heller*, 509 U.S. at 320.

  Here, the FAC appears to allege a violation of the Equal Protection Clause based on alleged disability discrimination. Individuals with disabilities, however, do not qualify as a "suspect class" of persons under the Equal Protection Clause. *City of Cleburne*, 473 U.S. at 442; *see also Serrano v. Francis*, 345 F.3d 1071, 1079 n.6 (9th Cir. 2003). Accordingly, Plaintiff's equal protection claim is subject to rationale basis review, meaning that there is no constitutional violation as long as "there is a rational basis between the disparity of treatment and some legitimate governmental purpose." *Heller,* 509 U.S. at 320. The Court finds that, in this case, Plaintiff's Equal Protection Clause claim is defectively pled because Plaintiff has not alleged facts showing any disparate treatment, let alone that the bus driver's conduct in removing Plaintiff from the bus was not rationally related to a legitimate governmental purpose. Accordingly, the Court DISMISSES Plaintiff's second cause of action with leave to amend.

    c.  Procedural Due Process Claim

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#18

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0471 PSG (FFMx) | Date | August 23, 2011 |
|---|---|---|---|
| Title | Marvin Eugene Jones v. Terry Matsumoto, *et al.* | | |

Plaintiff's third cause of action asserts a claim for violation of his procedural due process rights under the Fourteenth Amendment. To obtain relief on a procedural due process claim, a plaintiff must establish the existence of "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process." *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008) (quoting *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). Here, Plaintiff asserts that he filed a claim for damages pursuant to the California Government Claims Act based on the bus driver's conduct in removing him off the bus, but his claim was "denied without a hearing or the opportunity to be heard at a hearing." *FAC* ¶¶ 28-29, Ex. D. Plaintiff further asserts that "Defendants Hazen and Matsumoto did not afford Plaintiff the right to appear or be heard at the hearing and did not give [Plaintiff] notice of it." *Id.*

These allegations, however, do not suffice to state a plausible claim for violation of Plaintiff's procedural due process rights. First, Plaintiff has failed to allege with the requisite specificity any liberty or property interest which he was denied. Second, the California Government Claims Act establishes certain conditions precedent to the filing of a lawsuit against a public entity.[3] *See Mangold v. California Pub. Util. Commission,* 67 F.3d 1470, 1477 (9th Cir. 1995) ("The California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part."). Neither the statutory language nor any case of which the Court is aware indicates that denial of a written claim without a hearing under the Government Claims Act gives rise to a constitutional deprivation of due process as would be actionable under 42 U.S.C. § 1983. *Cf. State of California v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1240, 13 Cal. Rptr. 3d 534 (2004) ("In enacting the California Tort Claims Act, the Legislature did not intend to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances."); *accord Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1152 (E.D. Cal. 2009). Accordingly, because Plaintiff cannot maintain a claim for violation of his procedural due process rights on this basis, the Court DISMISSES his third cause of action *without* leave to amend.

    2.  *Claims Against Defendants In Their Official Capacity*

---

[3] Specifically, the California Government Claims Act (also known as the California Tort Claims Act) provides that "no suit for money or damages may be brought against a public entity on a cause of action . . . until a written claim therefore has been presented to the public entity and has been acted upon by the board."

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#18**

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-0471 PSG (FFMx) | Date | August 23, 2011 |
|---|---|---|---|
| Title | Marvin Eugene Jones v. Terry Matsumoto, *et al.* | | |

  By suing Defendants official capacity, Plaintiff has asserted claims against the Los Angeles Metropolitan Transportation Agency.  *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690 n.55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"); *Brandon v. Holt*, 469 U.S. 464, 471-72, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985) ("a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents"); *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1188 (9th Cir. 2003) ("a suit against a state official in his or her official capacity is not a suit against the official but a suit against the official's office") (internal citations and quotations omitted).

  To hold a public entity liable under Section 1983, Plaintiff must first establish that he has been deprived of a constitutional or statutory right.  *Id.* (citing *Sweaney v. Ada County,* 119 F.3d 1385, 1392 (9th Cir. 1997) ("the municipal defendants cannot be held liable because no constitutional violation occurred")).  Second, he must show that the deprivation of his rights was the result of a policy or custom of the public entity. *See Monell*, 436 U.S. at 694 ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983").  Here, for reasons explained above, Plaintiff fails to adequately plead a cognizable constitutional violation.  Accordingly, his claim against Defendants in their official capacity is also DISMISSED with leave to amend.

  B. <u>Plaintiff's ADA Claim (Fourth Cause of Action)</u>

  Plaintiff's fourth cause of action asserts a violation of Title II of the ADA.  Title II of the ADA protects qualified individuals with disabilities from discrimination on the basis of disability in accessing public services, programs, or activities.  *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 581, 119 S. Ct. 2176, 144 L. Ed. 2d 540 (1999) (emphasis added); *see also Crowder v. Kitagawa*, 81 F.3d 1480, 1484 (9th Cir. 1996) (holding that the ADA requires the state to provide meaningful access to state services).  To state a claim of disability discrimination under Title II of the ADA, Plaintiff must establish three elements: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.  42 U.S.C. § 12132; *see also Weinreich v. Los Angeles County Metropolitan Transp. Authority*, 114 F.3d 976, 978 (9th Cir. 1997) (internal citations and quotations omitted).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#18

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0471 PSG (FFMx) | Date | August 23, 2011 |
|---|---|---|---|
| Title | Marvin Eugene Jones v. Terry Matsumoto, *et al.* | | |

Plaintiff, however, has not alleged facts to support any of these three elements. Rather, he merely asserts in conclusory language that Defendants violated Plaintiff's rights under the ADA by forcing him, a person with a disability, off the bus in a dangerous neighborhood with no auxiliary aid or services. *FAC* ¶¶ 34-36. However, the FAC fails to assert any facts showing that Plaintiff was removed from the bus due to his alleged disability. *See Does 1-5 v. Chandler*, 83 F.3d 1150, 1155 (9th Cir. 1996) ("[A] plaintiff proceeding under Title II of the ADA must . . . prove that the exclusion from participation in the program was solely by reason of disability.") (internal citations and quotations omitted); *see also Vahidallah v. San Diego Housing Com'n*, No. 07 CV 0371 JM, 2008 WL 962633, at *4 (S.D. Cal. April 7, 2008) (holding that because plaintiff did not establish a "causal connection between his disability and denial of benefits" or allege "that the denial of benefits resulted solely from his disability[,]" he did not satisfy the pleading requirements for the ADA). To the contrary, the facts pled in the FAC indicate that Plaintiff was removed due to an altercation involving the bus driver and another passenger. Accordingly, the facts alleged in the pleading do not support a cognizable ADA claim.

Plaintiff's ADA claim also fails because there is no personal liability under Title II of ADA, which forbids discrimination by "any public entity." *See Vinson v. Thomas,* 288 F.3d 1145, 1155-56 (9th Cir. 2002). However, the Ninth Circuit has also held that a plaintiff may seek injunctive relief under Title II against an individual in his or her official capacity. *See Miranda B. v. Kitzhaber,* 328 F.3d 1181, 1187-88 (9th Cir. 2003). Accordingly, Plaintiff has leave to amend his ADA claim such that it is asserted only against Defendants in their official capacity. Further, as discussed above, if Plaintiff chooses to amend, he must allege that he is a person with a disability under applicable laws, and he must provide specific facts regarding both his requests for reasonable accommodations and Defendants' responses to his requests.

  C. <u>Negligence Claim (Fifth Cause of Action)</u>

Plaintiff's fifth cause of action asserts a claim for negligence based on allegations that Defendants breached their duty of care, which caused Plaintiff to suffer "severe emotional distress, breathing problems, anxiety and dizzy spells." *FAC* ¶ 42. To state a negligence cause of action, Plaintiff must establish four elements: (1) duty; (2) breach; (3) causation; and (4) damages. *Vasquez v. Residential Invs., Inc*., 118 Cal. App. 4th 269, 278, 12 Cal. Rptr. 3d 846 (2004). As to the first element of this claim, Section 2100 of the California Civil Code imposes a heightened duty of care on common carriers. Cal. Civ. Code § 2100 ("A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill."). However, as one California court noted, "the degree of care and diligence which [common

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#18**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0471 PSG (FFMx) | Date | August 23, 2011 |
|---|---|---|---|
| Title | Marvin Eugene Jones v. Terry Matsumoto, *et al.* | | |

carriers] must exercise is only such as can reasonably be exercised consistent with the character and mode of conveyance adopted and the practical operation of the business of the carrier." *Gomez v. Superior Court*, 35 Cal. 4th 1129, 1130, 29 Cal. Rptr. 3d. 352 (2005). Here, Plaintiff alleges that Defendants breached their heightened duty as a common carrier by removing Plaintiff from the bus, and thereby causing him "severe emotional distress, breathing problems, anxiety and dizzy spells." *FAC* ¶¶ 41-42.

These allegations, however, are not sufficiently specific to state a claim upon which relief could be granted. First, it is unclear from the pleading how the bus driver breached his duty of care. Although Plaintiff alleges that the neighborhood was "dangerous," *see FAC* ¶¶ 39-42, he also alleges that two police officers were summoned and present when Plaintiff departed the bus. Further, to the extent that this is the theory of breach upon which Plaintiff intends to proceed, the FAC does not articulate any specific harm that resulted from Plaintiff being made to depart the bus in an allegedly dangerous area. *Roberson v. County of Kern*, No. 1:10-CV-01371 OWW, 2011 WL 2746319, at *6 (E.D. Cal. July 14, 2011) (citing *Potter v. Firestone Tire & Rubber Co.,* 6 Cal. 4th 965, 984, 25 Cal. Rptr. 2d 550, 863 P.2d 795 (1993)). Accordingly, because the Court finds that Plaintiff has failed to sufficiently allege specific facts supporting a plausible claim for negligence, his fifth cause of action is thus DISMISSED with leave to amend.

IV.     Conclusion

Thus, based on the foregoing, Defendants' motion to dismiss Plaintiffs' First Amended Complaint is GRANTED.[4] Plaintiff has until **September 21, 2011** to file an amended pleading in accordance with this Order. As noted above, Plaintiff has leave to amend all claims save for his Section 1983 claim based on an alleged violation of his procedural due process rights. Failure to file an amended pleading by the deadline set forth above will result in dismissal of the claims with prejudice.

**IT IS SO ORDERED.**

---

[4] Although Defendants' Notice of Motion indicated their intention to argue that Plaintiff fails to state a cognizable claim for intentional infliction of emotional distress ("IIED"), *see Notice of Mot.* 3:4-6, the memorandum of points and authorities filed in support of this motion does not present any arguments to this end. Accordingly, the Court declines to dismiss Plaintiff's final cause of action for IIED.